IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

PHYLASSAPHINE JACKSON, #171 926       *

    Plaintiff,       *

    v.       * CIVIL ACTION NO. 2:05-CV-999-D
        (WO)
BETTIE JOE CARR       *

    Defendant.       *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On November 21, 2005 the court granted Plaintiff fifteen days to show cause why this complaint should not be dismissed for her failure to submit a prison account statement from the account clerk at the Julia Tutwiler Prison for Women as directed by order filed October 26, 2005. (Doc. No. 4.) Plaintiff was cautioned that her failure to comply with the November 21, 2005 order would result in a Recommendation that her complaint be dismissed. (*Id.*) The requisite time has passed and Plaintiff has not complied with the November 21 order of the court. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failure to comply with the orders of this court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation on or before **December 22, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of December, 2005.

          /s/Charles S. Coody
          CHARLES S. COODY
          CHIEF UNITED STATES MAGISTRATE JUDGE